UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ANDREW SCHWARTZBERG,

                                  Plaintiff,

   -against-

CHET MINING CO, LLC and CHET STOJANOVICH,

                                  Defendants.
_____

**ATTORNEY AFFIRMATION IN SUPPORT OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT**

Case No.: 1:20-CV-01880

      **BENJAMIN F. NEIDL**, an attorney admitted to practice in this Honorable Court affirms under penalty of perjury the following:

      1.    I am of counsel to the law firm E. Stewart Jones Hacker Murphy LLP, attorneys for the plaintiff in the above-captioned matter. I respectfully submit this affirmation in support of the plaintiff's request for a clerk's certificate of default against both defendants, pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.1. This affirmation is based upon my personal knowledge.

      2.    Pursuant to Local Rule 55.1, I have filed a proposed certificate of default simultaneously with this affirmation.

      3.    The plaintiff commenced this action on March 3, 2020 by electronically filing the Complaint (ECF Doc. #1). The Court issued Summonses for both defendants on March 6, 2020 (ECF Docs #8 and #9). The plaintiff effectuated service upon the defendants more than thirty days ago as set forth below, and neither of the defendants have answered, appeared, or otherwise defended the action.

1

A.     **<u>Defendant Chet Mining Co., LLC</u>**

4.     Defendant Chet Mining Co., LLC is not an infant or incompetent person, nor is it a person in the military.  Chet Mining Co., LLC is a limited liability company formed and existing under the laws of the State of Wyoming.  Annexed hereto as **<u>Exhibit</u> <u>A</u>** is a true and accurate copy of the company's filing information with the Wyoming Secretary of State, Business Division, which I have obtained from the Wyoming Secretary of State's website.

5.     Defendant Chet Mining Co., LLC has a principal place of business in New York State.  Its corporate profile with the Wyoming Secretary of State (Exhibit A) gives a New York City business address.  Furthermore, through our investigation and conferral with our client, we have discerned that Chet Mining Co., LLC transacted its business with the plaintiff from New York City.  For example, the company invoiced the plaintiff for products and services from New York City on or about May 21, 2019, inducing the plaintiff to pay the sums that are in dispute in this action.  Annexed hereto as **<u>Exhibit</u> <u>B</u>** is a true and accurate copy of that invoice, issued by Chet Mining Co. LLC to the plaintiff, from the defendant's New York City address.

6.     The plaintiff's process server effectuated service upon defendant Chet Mining Co., LLC on March 10, 2020, by delivering the Summons and Complaint to the New York State Department of State, Corporation Division, pursuant to New York Limited Liability Company Law §304.  The plaintiffs filed proof of this service (an affidavit of service) on March 18, 2020 (ECF Doc. #10).

7.     This constitutes proper service under Rule 4 of the Federal Rules of Civil Procedure.  Rule 4(e)(1) and 4(h)(1)(A) provide that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  In New York State, pursuant to N.Y. Limited Liability Company §304, "a foreign limited liability company not authorized to do business in [New York] state" may "be served [with

process] upon the secretary of state as its agent. Such process may issue in any court in this state having jurisdiction of the subject matter." Although Chet Mining Co., LLC maintains a place of business and does business in New York, our research indicates that the company has not registered with the New York State Department of State as it should have pursuant to N.Y. Limited Liability Company Law §802.[1] (The corporate registry on the New York Department of State's website contains no entry for Chet Mining Co., LLC.) Therefore, Chet Mining Co., LLC is a is a "foreign" (Wyoming) limited liability company "not authorized to do business in New York," and is lawfully served with process through the New York Department of State, as its agent, pursuant to N.Y. Limited Liability Company Law §304.

8.  More than thirty days have elapsed since the completion of said service on March 10, 2020. Defendant Chet Mining Co., LLC has not answered, pled, or otherwise appeared to defend the action. This defendant has not electronically filed an Answer or any other response to the Complaint, nor has our office received an Answer or response from this defendant in any other way.

**B.  Defendant Chet Stojanovich**

9.  Defendant Chet Stojanovich is a natural person residing at 105 Duane Street, New York, New York 10007. Mr. Stojanovich is not an infant, and our information indicates that he is not an incompetent person and not in the military. Stojanovich holds himself out as a private business person and owner of defendant Chet Mining Co., LLC, a company purportedly in the cryptocurrency mining/equipment sales business. At all times he has dealt with the plaintiff as a private business person.

10.  The plaintiff's process server effectuated service upon Chet Stojanovich by affixing a copy of the Summons and Complaint to Mr. Stojanovich's front's front door at his place of residence at 105

---

[1]   New York Limited Liability Company Law §802 requires any limited liability company law "doing business" in New York State to apply to the New York Secretary of State for "authority" to do business here. A foreign LLC that fails to file the application is considered to be doing business in New York as an "unauthorized" foreign limited liability company. *See* §802(b)(4).

3

Duane Street, New York, New York 10007 on March 16, 2020, and then mailing a duplicate copy of the Summons and Complaint to him at the same address on March 18, 2020, pursuant to New York CPLR §308(4). The plaintiff filed proof of this service (an affidavit of service) on April 22, 2020 (ECF Doc. #11). My firm obtained the 105 Duane Street address for Mr. Stojanovich through a skip trace investigation that we obtained from a third-party supplier shortly before the service.

11.   This constitutes proper service under Rule 4 of the Federal Rules of Civil Procedure. As noted, Rule 4(e)(1) and 4(h)(1)(A) provide that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." New York CPLR §304(4) permits "affix and mail" service upon a defendant if the process server was unable to make personal delivery to the defendant or a person of suitable age and discretion with due diligence. The server's affidavit (ECF Doc. #11) swears that the server utilized this affix and mail method after he "was unable with due diligence to find defendant or a person of suitable age and discretion" at the premises.

12.   More than thirty days have elapsed since the completion of said service. Defendant Chet Stojanovich has not answered, pled, or otherwise appeared to defend the action. This defendant has not electronically filed an Answer or any other response to the Complaint, nor has our office received an Answer or response from this defendant in any other way.

WHEREFORE, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1, the plaintiff hereby requests a certificate of entry of default against the defendants Chet Mining Co, LLC and Chet Stojanovich.

Dated: May 20, 2020  **E. STEWART JONES HACKER MURPHY LLP**
Troy, New York

By: *[signature]*

Benjamin F. Neidl
**SDNY Bar No: BN5818**
*Attorneys for the Plaintiff*
28 Second Street
Troy, New York 12110
Tel. No.: (518) 274-5820