UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW SCHWARTZBERG,<br><br>                                  Plaintiff,<br><br>against-<br><br>CHET MINING CO, LLC and CHET STOJANOVICH,<br><br>                                  Defendants. | **SUPPLEMENTAL DECLARATION OF PLAINTIFF ANDREW SCHWARTZBERG IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT TO THE CLERK**<br><br>Pursuant to 28 U.S.C. §1746<br><br>Civ. Action No.: Civ. Action No.: 1:20-cv-01880 |

I, **ANDREW SCHWARTZBERG**, declare under penalty of perjury that the following is true and accurate:

1. I am the plaintiff in this action. I respectfully submit this supplemental declaration to the clerk, in support of my motion for a default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure and Local Rule 55.2. This declaration is based on my personal knowledge.

2. As noted in my initial motion papers, I seek a default judgment against both defendants, jointly and severally, for the total sum certain of $501,672.00, itemized below. This sum certain represents purchase monies that I paid the defendants for goods which the defendants failed to deliver. This is detailed in the Complaint and further discussed below.

3. Specifically, in May 2019, defendant Chet Mining Co., LLC (through its owner Chet Stojanovich) offered to sell me certain cryptocurrency mining equipment. On May 21, 2019, the defendants transmitted an invoice, itemizing the equipment that they were offering and the purchase price. A true and accurate copy of that invoice is annexed to this declaration as **Exhibit A** (with Chet Stojanovich's phone numbers and email address redacted for electronic court filing).

1

As the Court can see, the defendants offered to sell me three hundred and twenty (320) S9 cryptocurrency mining devices, and six hundred (600) L3+ cryptocurrency mining devices, for a total price of $501,672.00.

4. The equipment I ordered was supposed to be delivered to and hosted at a cryptocurrency mining facility purportedly owned or controlled by the defendants. "Hosting" a person's mining machine means to connect it to a power source at a well-powered facility and run the machine so that it can operate, verify cryptocurrency transactions, and earn money for its owner.

5. I accepted the defendants' offer and delivered payment to defendant Chet Mining Co., LLC. On May 22, 2020, I made a wire transfer from my JP Morgan account, for the full amount of $501,672.00, to Chet Mining Co. LLC using wiring instructions issued by the defendants. Annexed to this declaration as **Exhibit B** is a true and accurate copy of a page from my account statement for my JP Morgan account, for May 2019. For electronic Court filing, we have redacted my account numbers, redacted my balances, and have redacted entries that are unrelated to my transaction with the defendants. The unredacted portion of Exhibit B shows that I made a wire transfer in the amount of $501,672.00 to Chet Mining LLC on May 22, 2019 (with the wire numbers partially redacted for electronic court filing).

6. As I allege in the Complaint (and which the defendants have not denied), the defendants did not deliver any of the equipment that I ordered, for which I paid the $501,672.00, and the defendants have refused my demands that they return my money. (ECF Doc. #1, ¶¶25-30.)

7. Initially, the plaintiffs deceived me into believing that they had delivered my machines to their facility and were hosting them. They did this by paying returns to me, from time

to time, in the form of Bitcoin, in the period from the period of time between May 22, 2019 and March 19, 2020. Chet Stojanovich characterized these Bitcoin payments to me as returns from my machines. Over time I became suspicious because these payments became irregular and erratic, and Stojanovich began evading my attempts to reach him (eventually ceasing contact altogether). For example, I received no "returns" in the entire second half of December 2019, only one delivery of a Bitcoin return in January 2020, and none in February 2020. That did not make sense if the defendants were hosting machines for me. I have since heard from other sources that defendant Stojanovich would sometimes generate pretextual "returns" for purchasers by buying "NiceHash" shares. NiceHash is an online platform in which you can purchase a financial interest in the returns of someone else's mining machine, instead of owning and hosting a physical machine yourself. I believe this is what happened with me. The defendants never provided me with serial numbers or any other proof that my machines existed and, as noted, eventually ceased contact with me altogether.

8.  Between May 22, 2019 and March 19, 2020 the defendants transmitted a total of 14.3430824 Bitcoin to me in deceptive "returns." Bitcoin fluctuates in value, but the value by the day is tracked and published by numerous resources (similar to historic stock values), such as Yahoo Finance.[1] According to the daily closing averages reported there, the average daily closing value per Bitcoin in U.S. Dollars between May 22, 2019 and March 19, 2020 was $9,025.81. Using that average as a basis, the value of deceptive "returns" that the defendants transmitted to me during that period was approximately $129,457.94 (14.3430824 Bitcoin x $9,025.81 = $129,457.94).

---

[1]    https://finance.yahoo.com/quote/BTC-USD/history?period1=1558483200&period2=1584576000&interval=1d&filter=history&frequency=1d

9.       My attorney discusses in his affirmation whether or not this amount should be deducted from my damages, and I will defer to his statements in that regard.  But for the reasons set forth by him in his supplemental affirmation, I respectfully submit that it should not.

WHEREFORE, for the reasons set forth above and in the accompanying Affirmation of my attorney, I respectfully request a default judgment against the defendants, jointly and severally, in the sum of $501,672.00.

Executed on July __14__, 2020

_____
Andrew Schwartzberg