UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ANDREW SCHWARTZBERG,

                            Plaintiff,

-against-

CHET MINING CO, LLC and CHET STOJANOVICH,

                            Defendants.
_____

**SUPPLEMENTAL ATTORNEY AFFIRMATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

Case No.: 1:20-CV-01880

**BENJAMIN F. NEIDL**, an attorney admitted to practice in this Honorable Court affirms under penalty of perjury the following:

1.     I am of counsel to the law firm E. Stewart Jones Hacker Murphy LLP, attorneys for the plaintiff in the above-captioned matter. I respectfully submit this affirmation in support of the plaintiff's request for a default judgment against both defendants, pursuant to Fed. R. Civ. P. 55(b), Local Rule 55.2(b) and Judge Linman's individual practices. This affirmation is based upon my personal knowledge.

2.     I annex the following previously-filed documents as Exhibits to this motion:

    a. **Exhibit 1** – The Summons and Complaint;

    b. **Exhibit 2** – A true and accurate copy of an Affidavit of Service regarding the Summons and Complaint that the plaintiffs electronically filed on March 18, 2020 (ECF Doc. #10);

    c. **Exhibit 3** – A true and accurate copy of additional Affidavits of Service regarding the Summons and Complaint that the plaintiffs electronically filed on April 22, 2020 (ECF Doc. #11);

    d. **Exhibit 4** – The Clerks' Certificate of Default, issued May 21, 2020 (ECF Doc. #14);

  e. **Exhibit 5** – True and accurate copies of invoices from the plaintiff's process server concerning service of the Summons and Complaint, in support of the plaintiff's request for costs.

  f. **Exhibit 6** – A true and accurate copy of Wyoming Secretary of State's online corporate profile for defendant Chet Mining Co., LLC (a Wyoming limited liability company).[1]

3. This motion is also supported by several other papers electronically filed simultaneously with this Affirmation. They are:

  a. The Declaration of the plaintiff Andrew Schwartzberg, with Exhibits A through B, for proof of damages (the **"Schwartzberg Declaration"**);

  b. A Statement of Damages on the Court's prescribed form;

  c. A Bill of Costs on the Court's prescribed form; and

  d. A proposed Default Judgment.

4. This motion seeks a default judgment against both of the defendants, jointly and severally.

**A.**   <u>**A Description of the Method and Date of Service of the Summons and Complaint.**</u>

5. There are two defendants in this case, Chet Mining Co., LLC and Chet Stojanovich.

**(i)**   **Service on Chet Mining Co., LLC**

6. Defendant Chet Mining Co., LLC is a limited liability company formed and existing under the laws of the State of Wyoming. (*See* Exhibit 6 hereto.)

7. Defendant Chet Mining Co., LLC has a principal place of business in New York State. Its corporate profile with the Wyoming Secretary of State (Exhibit 5 hereto) gives a New York City business address of 50 W. Street, Apt. 20A, New York, N.Y. 10006.

8. Furthermore, Chet Mining Co., LLC transacted its business with the plaintiff from New York City. Its owner (defendant Chet Stojanovich) invoiced the plaintiff from an address in New York

---

[1] The Wyoming Secretary of State publishes these profiles at its website, at
https://wyobiz.wyo.gov/Business/FilingSearch.aspx

City.  (*See* Schwartzberg Declaration Exhibit A.)  It was this invoice that induced the plaintiff to make the payment to the defendants that is at issue in this case.

9. Although Chet Mining Co., LLC has its principal place of business in New York, the company has not obtained approval from the New York State Department of State for authority to do business in New York.[2]

10. Therefore, in New York, Chet Mining Co., LLC is a foreign limited liability company not authorized to do business in New York. *See* N.Y. Limited Liability Company Law§802(b)(4).

11. Pursuant to N.Y. Limited Liability Company law §304, a plaintiff may serve a foreign limited liability company not authorized to do business in New York through the New York State Department of State, as the company's agent, provided that the plaintiff also mails a copy of the Summons and Complaint to the defendant company, return receipt requested.  *See* N.Y. Limited Liability Company Law §304(c)(2).  This likewise constitutes a valid method of service in this Court.  *See* Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A)(providing that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

12. On March 10, 2020, the plaintiff's process server served Chet Mining Co., LLC pursuant to N.Y. Limited Liability Company Law §304, by delivering two copies of the Summons and Complaint to the New York State Department of State, and paying the Department's fee for service.  (*See* Exhibit 2 hereto.)

13. On March 11, 2020, the plaintiff's process server completed service upon Chet Mining Co., LLC pursuant to N.Y. Limited Liability Company Law §304, by mailing another copy of the Summons and Complaint to company's principal place of business of record at 50 W. Street, Apt. 20A, New York, N.Y.  10006.  (*See*

---

[2] The New York Department of State has no record Chet Mining Co., LLC being an authorized foreign limited liability company on its public database of business entities.  *See* https://appext20.dos.ny.gov/corp_public/corpsearch.entity_search_entry

Exhibit 2 hereto.) The plaintiff electronically filed a copy of that Affidavit of Service, as proof of service, on March 18, 2020. (ECF Doc. #10.)

14. In addition, on March 27, 2020, the plaintiff's process server mailed another copy of the Summons and Complaint to Chet Mining Co., LLC, registered mail return receipt requested, at another New York City address, at 105 Duane Street, Apartment 20F, New York, N.Y. 10007. (*See* Exhibit 3 hereto, pg. 1 of 10.) The process server made this additional mailing because a "skip trace" investigation that we ordered indicated that Chet Mining Co, LLC's owner (the other defendant in this case, Chet Stojanovich) had an apartment at the 105 Duane Street address. Therefore, the plaintiff's process server made another mailing to the 105 Duane Street address, so that the company's owner would be sure to receive notice of the suit. The plaintiff filed an Affidavit of Service concerning this mailing, as proof of service, on April 22, 2020 (*see* ECF Doc. #11 pg. 1 of 10).

**(ii)    Defendant Chet Stojanovich**

15. Defendant Chet Stojanovich is a natural person who held himself out to the plaintiff as the owner of Chet Mining Co., LLC. A "skip trace" investigation that we ordered indicated that he is a tenant at 105 Duane Street, Apartment 20F, New York, N.Y. 10007.

16. After attempting on multiple occasions to serve Mr. Stojanovich personally, the plaintiff's process server served Mr. Stojanovich by the "affix and mail" method permitted by N.Y. C.P.L.R. §308(4), which is likewise accepted in this Court pursuant to Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A). The plaintiff's process server affixed the Summons and Complaint to Mr. Stojanovich's door on March 12, 2020, and mailed another copy to him at the same address on March, 18, 2020. (*See* Exhibit 3 hereto, pg. 7 of 10.) The plaintiff filed the Affidavit of Service, as proof of service, on April 22, 2020 (ECF Doc. #11).

**B.      The Proposed damages and the Basis for Each Element of Damages, Including Attorneys' Fees and Costs.**

17.     The damages in this case are relatively straightforward.  On May 21, 2019, the defendants offered to sell the plaintiff cryptocurrency mining computer devices and a year's worth of hosting of those devices for a price of $501,672.00.  (Schwartzberg Declaration ¶3 and Exhibit A thereto.)  The plaintiff paid that full price by wire transfer on May 22, 2019.  (*Id.* ¶4 and Exhibit B thereto.)  But then the defendants never actually procured, produced, delivered or hosted any mining devices.  (*Id.*)

18.     Under these circumstances, a return of the purchase price is permitted under N.Y. UCC §2-711(1).  (*See* Complaint ¶55.)  Alternatively, at the very least the defendant was unjustly enriched by the amount paid, $501,672.00.

19.     This motion does not seek attorneys' fees.

20.     The costs sought by this motion (itemized in the Bill of Costs) are basic.  The plaintiff seeks the Clerks' Fee of $400.00 for the commencement of this action, plus $208.00 in expenses for service of process (see Exhibit 5 hereto for the invoices), for a total of $608.00.

21.     The plaintiff also seeks pre-judgment interest at a rate of 9% per year, pursuant to N.Y. C.P.L.R. §5001.  In a diversity jurisdiction case like this, New York's statutory rate of interest of 9% per year applies.[3]

22.     At 9% per year, the prorated daily rate of interest on the principal sum of $501,672.00 is $123.70 ($501,672.00 x9% = $45,150.48 / 365 days = $123.70).  As of the date of this Affirmation (May 27, 2020), 371 days have elapsed since the plaintiff made his May 22, 2019 payment to the defendant, yielding $45,892.70 in interest through May 27, 2020 ($123.70 x 371 days = $45,892.70).

---

[3]     *See Quincy Fire Ins. Co. v. N.Y. Central Mutual Fire Ins. Co.*, 89 F.Supp.3d 291 (N.D.N.Y. 2014).

C.     **Evidence of the Proposed Damages**

23.    In the Schwartzberg Supplemental Declaration, plaintiff Schwartzberg swears to the wire transfer he made on May 22, 2019, and annexes a redacted copy of his account statement reflecting the transfer.

**24.**    The defendants have not appeared in this case to deny the allegations that they received these funds.

25.    As Mr. Scwartzberg explains in his Supplemental Declaration, the defendants never procured and delivered the machines. From May 2019 to mid-March 2020, Chet Mining Co., LLC recycled some Bitcoin back to Mr. Schwartzberg, ostensibly as mining income generated by the machines that the defendants were supposed to procure and host, totaling approximately $129,457.94 in value. (Id. ¶¶7-8.) But those returns became suspiciously irregular, and defendant Chet Stojanovich became evasive, before cutting off communications and the purported "returns" altogether. (Id.)  From speaking with other people who have been victimized by the defendants, we believe that the defendants generated the $129,457.94 in Bitcoin returns pretextually, by making temporary "NiceHash" investments. NiceHash is an online platform in which investors can purchase participation shares in other people's mining enterprises—in other words, instead of buying and running actual physical machines, you make an investment in someone else's mining business and earn a share of income from one or more of his or her machines. The defendants have never provided any evidence that they actually procured machines for Mr. Schwartzberg (such as titles or serial numbers) and cut off all contact (and ceased remitting any purported returns) by March 2020.

26.    We disclose the $129,457.94 in so-called "returns" to the Court for its information, but we would urge that this sum should not be deducted from the plaintiffs' damages. The amount the plaintiffs

seek in this case is the price that Mr. Schwartzberg paid the defendants for the machines that they were supposed to sell him and host at their facility. That is an allowed measure of damages under N.Y. UCC §2-711(1). (See Complaint ¶55.) All indications are that the $129,457.94 in temporary, purported returns were pretextual, to conceal the fact that the defendants did not really procure machines. The defendants, despite being served, have not appeared in this case to deny any of the Complaint's allegations of non-performance and fraud. We characterize the $129,457.94 as a tool that the defendants used to perpetrate their fraud, and urge that the defendants should not receive any credit for it against the purchase price damages that for machines that have not been delivered to the plaintiff.

**D.      An Inquest is Not Necessary**

27.     An inquest is not necessary because the amount of the damages is a sum certain. The defendants invoiced the plaintiff for a particular amount, and the plaintiff paid that exact amount in a documented wire transfer on May 22, 2019. (Schwartzberg Declaration Exhibits A and B.) The defendants have not appeared and, therefore, have not denied that they received the money, and have not denied that they have not produced or hosted the cryptocurrency mining devices that the plaintiff paid for. Under N.Y. UCC §2-711(1), a refund of the purchase price is an appropriate measure of damages.

WHEREFORE, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 55.2, the plaintiff hereby requests a default judgment against the defendants Chet Mining Co, LLC and Chet Stojanovich.

Dated: July 16, 2020          **E. STEWART JONES HACKER MURPHY LLP**
      Troy, New York

By: *[signature]*

Benjamin F. Neidl
**SDNY Bar No: BN5818**
*Attorneys for the Plaintiff*

28 Second Street
Troy, New York 12110
Tel. No.: (518) 274-5820