# Exhibit 1

**To Attorney Affirmation of Benjamin F. Neidl**

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| ANDREW SCHWARTZBERG | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   1:20-cv-01880 |
| CHET MINING CO, LLC and CHET STOJANOVICH | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   CHET MINING CO, LLC
50 WEST STREET, APT. 29A
NEW YORK, NEW YORK 10006

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   John F. Harwick, Esq.
E. Stewart Jones Hacker Murphy LLP
28 Second Street, Troy NY 12180

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ 03/06/2020 _____        _/s/ D. Howie_
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| ANDREW SCHWARTZBERG | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No.   1:20-cv-01880 |
| CHET MINING CO, LLC and CHET STOJANOVICH | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   CHET STOJANOVICH
105 DUANE STREET, APT. 20F
NEW YORK, NEW YORK 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   John F. Harwick, Esq.
E. Stewart Jones Hacker Murphy LLP
28 Second Street, Troy NY 12180

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:    03/06/2020

/s/D.Howie

*Signature of Clerk or Deputy Clerk*



JS 44C/SDNY
REV. 08/01/17

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
ANDREW SCHWARTZBERG

**DEFENDANTS**
CHET STOJANOVICH and CHET MINING, CO., LLC

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
JOHN F. HARWICK,ESQ./E/ STEWART JONES HACKER MURPHY, LLP
28 SECOND STREET, TROY NY 12180  (518) 213-0113

**ATTORNEYS (IF KNOWN)**

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C §1332

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No ☐ Yes ☑    Judge Previously Assigned

If yes, was this case  Vol. ☐  Invol. ☐  Dismissed.  No ☐  Yes ☐  If yes, give date _____ & Case No. _____

Is THIS AN INTERNATIONAL ARBITRATION CASE?        No ☒        Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*                **NATURE OF SUIT**

**TORTS**                                **ACTIONS UNDER STATUTES**

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 INSURANCE | [ ] 310 AIRPLANE | [ ] 367 HEALTHCARE/ | | [ ] 422 APPEAL | [ ] 375 FALSE CLAIMS |
| [ ] 120 MARINE | [ ] 315 AIRPLANE PRODUCT | PHARMACEUTICAL PERSONAL | [ ] 625 DRUG RELATED | 28 USC 158 | [ ] 376 QUI TAM |
| [ ] 130 MILLER ACT | LIABILITY | INJURY/PRODUCT LIABILITY | SEIZURE OF PROPERTY | [ ] 423 WITHDRAWAL | [ ] 400 STATE |
| [ ] 140 NEGOTIABLE | [ ] 320 ASSAULT, LIBEL & | [ ] 365 PERSONAL INJURY | 21 USC 881 | 28 USC 157 | REAPPORTIONMENT |
| INSTRUMENT | SLANDER | PRODUCT LIABILITY | [ ] 690 OTHER | | [ ] 410 ANTITRUST |
| [ ] 150 RECOVERY OF | [ ] 330 FEDERAL | [ ] 368 ASBESTOS PERSONAL | | | [ ] 430 BANKS & BANKING |
| OVERPAYMENT & | EMPLOYERS' | INJURY PRODUCT | | PROPERTY RIGHTS | [ ] 450 COMMERCE |
| ENFORCEMENT | LIABILITY | LIABILITY | | | [ ] 460 DEPORTATION |
| OF JUDGMENT | [ ] 340 MARINE | | | [ ] 820 COPYRIGHTS | [ ] 470 RACKETEER INFLU- |
| [ ] 151 MEDICARE ACT | [ ] 345 MARINE PRODUCT | PERSONAL PROPERTY | | [ ] 830 PATENT | ENCED & CORRUPT |
| [ ] 152 RECOVERY OF | LIABILITY | | | [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION | ORGANIZATION ACT |
| DEFAULTED | [ ] 350 MOTOR VEHICLE | [ ] 370 OTHER FRAUD | | [ ] 840 TRADEMARK | (RICO) |
| STUDENT LOANS | [ ] 355 MOTOR VEHICLE | [ ] 371 TRUTH IN LENDING | | | [ ] 480 CONSUMER CREDIT |
| (EXCL VETERANS) | PRODUCT LIABILITY | | | SOCIAL SECURITY | [ ] 490 CABLE/SATELLITE TV |
| [ ] 153 RECOVERY OF | [ ] 360 OTHER PERSONAL | [ ] 380 OTHER PERSONAL | | | |
| OVERPAYMENT | INJURY | PROPERTY DAMAGE | LABOR | [ ] 861 HIA (1395ff) | [ ] 850 SECURITIES/ |
| OF VETERAN'S | [ ] 362 PERSONAL INJURY - | [ ] 385 PROPERTY DAMAGE | | [ ] 862 BLACK LUNG (923) | COMMODITIES/ |
| BENEFITS | MED MALPRACTICE | PRODUCT LIABILITY | [ ] 710 FAIR LABOR | [ ] 863 DIWC/DIWW (405(g)) | EXCHANGE |
| [ ] 160 STOCKHOLDERS | | | STANDARDS ACT | [ ] 864 SSID TITLE XVI | |
| SUITS | | PRISONER PETITIONS | [ ] 720 LABOR/MGMT | [ ] 865 RSI (405(g)) | [ ] 890 OTHER STATUTORY |
| [x] 190 OTHER | | [ ] 463 ALIEN DETAINEE | RELATIONS | | ACTIONS |
| CONTRACT | | [ ] 510 MOTIONS TO | [ ] 740 RAILWAY LABOR ACT | | [ ] 891 AGRICULTURAL ACTS |
| [ ] 195 CONTRACT | ACTIONS UNDER STATUTES | VACATE SENTENCE | [ ] 751 FAMILY MEDICAL | FEDERAL TAX SUITS | |
| PRODUCT | | 28 USC 2255 | LEAVE ACT (FMLA) | | [ ] 893 ENVIRONMENTAL |
| LIABILITY | CIVIL RIGHTS | [ ] 530 HABEAS CORPUS | | [ ] 870 TAXES (U.S. Plaintiff or | MATTERS |
| [ ] 196 FRANCHISE | | [ ] 535 DEATH PENALTY | [ ] 790 OTHER LABOR | Defendant) | [ ] 895 FREEDOM OF |
| | [ ] 440 OTHER CIVIL RIGHTS | [ ] 540 MANDAMUS & OTHER | LITIGATION | [ ] 871 IRS-THIRD PARTY | INFORMATION ACT |
| | (Non-Prisoner) | | [ ] 791 EMPL RET INC | 28 USC 7609 | [ ] 896 ARBITRATION |
| REAL PROPERTY | [ ] 441 VOTING | | SECURITY ACT (ERISA) | | [ ] 899 ADMINISTRATIVE |
| | [ ] 442 EMPLOYMENT | IMMIGRATION | | | PROCEDURE ACT/REVIEW OR |
| [ ] 210 LAND | [ ] 443 HOUSING/ | PRISONER CIVIL RIGHTS | | | APPEAL OF AGENCY DECISION |
| CONDEMNATION | ACCOMMODATIONS | | [ ] 462 NATURALIZATION | | |
| [ ] 220 FORECLOSURE | [ ] 445 AMERICANS WITH | [ ] 550 CIVIL RIGHTS | APPLICATION | | [ ] 950 CONSTITUTIONALITY OF |
| [ ] 230 RENT LEASE & | DISABILITIES - | [ ] 555 PRISON CONDITION | [ ] 465 OTHER IMMIGRATION | | STATE STATUTES |
| EJECTMENT | EMPLOYMENT | [ ] 560 CIVIL DETAINEE | ACTIONS | | |
| [ ] 240 TORTS TO LAND | [ ] 446 AMERICANS WITH | CONDITIONS OF CONFINEMENT | | | |
| [ ] 245 TORT PRODUCT | DISABILITIES -OTHER | | | | |
| LIABILITY | [ ] 448 EDUCATION | | | | |
| [ ] 290 ALL OTHER | | | | | |
| REAL PROPERTY | | | | | |

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 901,100.00  OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☒ YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE HON. KATHARINE H. PARKER  DOCKET NUMBER 1:19-CV-07949

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

Case 1:20-cv-01880-LJL    Document 4    Filed 03/04/20    Page 2 of 2

**(PLACE AN x IN ONE BOX ONLY)**                                        **ORIGIN**

☒ 1 Original Proceeding     ☐ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from (Specify District)     ☐ 6 Multidistrict Litigation (Transferred)     ☐ 7 Appeal to District Judge from Magistrate Judge

☐ a. all parties represented

☐ b. At least one party is pro se.     ☐ 8 Multidistrict Litigation (Direct File)

**(PLACE AN x IN ONE BOX ONLY)**          **BASIS OF JURISDICTION**          **IF DIVERSITY, INDICATE CITIZENSHIP BELOW.**

☐ 1 U.S. PLAINTIFF     ☐ 2 U.S. DEFENDANT     ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)     ☒ 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [x] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [x] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
1 GREENTREE COURT
BETHESDA MD 20817

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

CHET MINING CO, LLC
50 WEST STREET, APT. 29A
NEW YORK, NEW YORK 10006

CHET STOJANOVICH
105 DUANE STREET, APT. 20F
NEW YORK, NEW YORK 10007

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**
I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:     ☐ WHITE PLAINS     ☒ MANHATTAN

DATE 03/04/2020     SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED  Mo. _____ Yr. _____)
Attorney Bar Code # JH5253

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW SCHWARTZBERG,

                                        Plaintiff,

        -against-

CHET MINING CO, LLC and CHET
STOJANOVICH,

                                        Defendants.

**COMPLAINT**

Case No.: 1:20-cv-01880-LJL

**TO THE ABOVE-NAMED DEFENDANTS:**

        The plaintiff, Andrew Schwartzberg (hereinafter referred to as "plaintiff"), by and through his attorneys, E. Stewart Jones Hacker Murphy LLP, as and for a complaint herein against the defendants (hereinafter referred to as "defendants"), alleges as follows:

**INTRODUCTION**

        1.        This is a breach of contract / fraud action wherein plaintiff paid for, but defendant failed to deliver, equipment costing $501,672.00. Defendants have not delivered the goods or refunded plaintiff's purchase money despite due demand.

**JURISDICTION AND VENUE**

        2.        This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00.

        3.        The plaintiff is an individual domiciled in the State of California.

        4.        The defendant Chet Mining Co, LLC was formed and exists under the laws of the State of Wyoming and has its headquarters located in the State of New York.

5.      The defendant Chet Stojanovich is domiciled the State of New York.

6.      Venue is proper within the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) as the subject transactions and occurrences took place in the Southern District of New York and the defendants are located in the Southern District of New York.

7.      This Court has jurisdiction over defendants pursuant to NY CPLR § 301 as defendants are principally headquartered and reside in the State of New York, City of New York, and NY CPLR § 302(1) because defendants regularly transact and do business in New York deriving substantial financial gain from the same.

## DEMAND FOR JURY

8.      Plaintiff hereby demands a jury trial.

## PARTIES

9.      At all times mentioned herein, the plaintiff, Andrew Schwartzberg is an individual domiciled in the State of California.

10.     Chet Mining Co, LLC is a foreign limited liability company existing under the laws of the State of Wyoming.

11.      Chet Mining Co, LLC has its registered address and headquarters at 50 West St, Apartment 29A, New York, New York 10006.

12.     Upon information and belief, the registered address of Chet Mining Co, LLC, 50 West Street, Apartment 29A, New York, New York 10006, was Chet Stojanovich's personal residence and address at the time of entity formation and at the time of the transactions described herein.

13.     Upon information and belief, Chet Stojanovich is an individual currently domiciled in the State of New York, City of New York, with a current residential address of 105 Duane Street, Apartment 20F, New York, New York 10007.

14.     Upon information and belief, Chet Stojanovich is the sole member of Chet Mining Co, LLC.

15.     Upon information and belief, Chet Stojanovich owns, operates, and otherwise formed multiple entities using his personal residence, including Chet Mining Co, LLC.

16.     Upon information and belief, Chet Stojanovich through Chet Mining Co, LLP purports to distribute and sell bitcoin mining equipment to the public.

17.     Upon information and belief, Chet Stojanovich comingles the finances of his business entities, using the same for his personal use and benefit.

18.     Upon information and belief, Chet Stojanovich transfers money between his various entities rendering them undercapitalized and insolvent.

19.     Upon information and belief, Chet Stojanovich completely dominates and controls Chet Mining Co, LLC and uses that business entity to defraud his customers and hinder creditors, such as the plaintiff herein.

20.     Upon information and belief Chet Stojanovich regularly fails to observe business formalities with regard to his management and operation of Chet Mining Co, LLC.

21.     Upon information and belief, Chet Stojanovich used Chet Mining Co, LLC to commit fraudulent and wrongful acts against plaintiff and other members of the public.

22.     As such, Chet Mining Co, LLC is the alter ego of Chet Stojanovich and he is personally liable for Chet Mining Co, LLC's debts under a veil piercing or alter ego theory.

## AS AND FOR A FIRST CAUSE OF ACTION (BREACH OF CONTRACT)

23.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

24.    That Plaintiff is in the bitcoin mining business.

25.    That in or around May of 2019, defendant Chet Mining Co, LLC by and through Chet Stojanovich represented to plaintiff that it was a legitimate purveyor of bitcoin mining computers known as "S9 Antminers" and "L3+ Antminers" and had several for sale.

26.    Defendants thereafter offered to sell plaintiff Three Hundred and Twenty (320) S9 Antminers for $220,800.00 and Six Hundred (600) L3+ Antminers for $247,200.00 with applicable taxes totaling $501,672.00 (hereinafter collectively referred to as "the Antminers").

27.     Plaintiff accepted said offer.

28.    On May 21, 2019 defendants delivered to plaintiff invoice #ANSHW001 in the amount of $501,672.00 requesting immediate payment for the Antminers.

29.    On May 22, 2019 plaintiff made payment to defendants in the amount of $501,672.00 via wire transfer.

30.    After said payment, none of the Antminers were delivered to plaintiff and defendants have refused to deliver the same despite plaintiff's repeated demand for the equipment or his money back.

31.    Plaintiff fully performed under the contract by tendering the purchase price as requested in full.

32.    Defendants have breached their contract with plaintiff.

33.    Defendants have wrongfully refused to refund plaintiff's funds.

34.    Defendants have failed to deliver the Antminers that plaintiff bought and paid for.

35.    As a direct and proximate result of defendants' breach of contract plaintiff suffered actual and consequential damages.

36.    Upon information and belief, plaintiff suffered consequential damages due to his lost profits caused by the absence of the Antminers in an amount estimated to exceed $100,000.00.

37.    Defendants are liable to plaintiff for breach of contract for a sale of goods and plaintiff is entitled to $501,672.00, plus consequential damages in the amount of $100,000.00, plus interest at the legal rate thereon from and after May 21, 2019.

## AS AND FOR A SECOND CAUSE OF ACTION (FRAUD)

38.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in above paragraphs as if repeated and set forth at length in this cause of action.

39.    Defendant Stojanovich used his company Chet Mining Co, LLC to commit fraud as against plaintiff.

40.    Defendant Stojanovich used the Chet Mining Co, LLC entity's seemingly legitimate facade to induce plaintiff into entering into a contract for a sale of goods that defendants knew they would not and could not perform.

41.    That at all times defendant Stojanovich intended to cause Chet Mining Co, LLC to breach said contract, and never intended to perform the contract.

42.    That defendant Stojanovich accepted plaintiff's $501,672.00, by and through Chet Mining Co, LLC, intending on keeping said purchase money for his own personal use and benefit without delivering the goods sold to plaintiff.

43.    That as a result of Stojanovich's fraud, plaintiff paid defendants $501,672.00 in purchase money for the Antminers.

44.    That defendant Stojanovich, upon information and belief, transferred the plaintiff's purchase money out of Chet Mining Co, LLC's bank account, for the personal benefit of Stojanovich.

45.    That Chet Stojanovich, individually, used the corporate entity to commit fraud on the plaintiff with malice aforethought for his own personal benefit.

46.    The Federal Bureau of Investigation is currently conducting a criminal investigation into the aforesaid fraudulent transaction described herein.

47.    That as a result of the fraud and theft committed by Chet Stojanovich, he and Chet Mining Co, LLC are jointly and severally liable to plaintiff for $501,672.00 plus attorney's fees, plus punitive damages in the amount of $250,000.00 and interest at the legal rate from and after May 21, 2019.

### AS AND FOR A THIRD CAUSE OF ACTION (CONVERSION)

48.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

49.    That plaintiff owns and is entitled to the exclusive possession and use of the Antminers he bought from Chet Mining Co, LLC.

50.    That defendant Stojanovich wrongfully used Chet Mining Co, LLC to convert the Antminers and plaintiff's purchase money.

51.    The Antminers were worth $501,672.00.

52.    That defendants have wrongfully retained plaintiff's funds and the Antminers despite due demand from plaintiff for the return of said funds or fulfillment of the contract.

53.    That defendant Stojanovich has committed the tort of conversion and, as the owner and managing member of Chet Mining Co, LLC, he is individually liable to the plaintiff in the amount of $501,672.00, plus attorney's fees, punitive damages and interest.

### AS AND FOR A FOURTH CAUSE OF ACTION (NY UCC § 2-711)

54.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

55.    That pursuant to NY UCC § 2-711, when the seller fails to make the delivery of goods, the buyer is entitled to a refund of the paid purchase price.

56.    That plaintiff is also entitled to damages pursuant to NY UCC § 2-713 for the difference in the market price at the time of purchase compared to the current market price of the goods.

57.    Upon information and belied it would now cost plaintiff an estimated additional $50,000.00 to purchase the Antminers.

58.    Pursuant to NY UCC § 2-711 and 2-713 plaintiff is entitled to damages in the amount of $501,672.00, plus the difference in market value between the Antminers and the purchase price to "cover" the purchase of new Antminers today, totaling $551,672.00.

### AS AND FOR A FIFTH CAUSE OF ACTION (NY UCC § 2-715)

59.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

60.     That pursuant to NY UCC § 2-715 plaintiff is entitled to incidental and consequential damages as a result of defendants' breach and failure to deliver the Antminers as contracted with said amount to be determined at trial by the finder of fact.

### AS AND FOR A SIXTH CAUSE OF ACTION (NY UCC § 2-716)

61.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

62.     Upon information and belief, the plaintiff has undertaken reasonable efforts to cover the goods that the defendants failed to deliver, and the circumstances indicate that the same will be unavailing.

63.     That pursuant to NY UCC § 2-716 plaintiff is entitled to specific performance of the parties' contract thus this Court should order that if the defendants are in actual or constructive possession of the Antminers, then they belong to plaintiff and should be delivered to plaintiff as promised.

**WHEREFORE,** plaintiff demands judgment against the defendants jointly and severally in the amount of $501,672.00 at the legal rate for actual damages, plus consequential and incidental damages in the amount of $100,000.00, plus cover damages in the amount of $50,000.00, plus $250,000.00 in punitive damages, in addition to specific performance,  plus attorney's fees together with the costs and disbursements of this action in addition to whatever other and further relief as the Court deems just and proper.

Dated: March 2, 2020          **E. STEWART JONES HACKER MURPHY LLP**
      Troy, New York

By: _____
      John F. Harwick, Esq.
      SDNY Bar No: JH5253
      *Attorneys for Plaintiff*
      28 Second Street
      Troy, New York  12110
      Tel. No.:  (518) 274-5820